UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARWIN MARKEITH HUGGANS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:13 CV 323 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

In June of 2015, I denied Darwin Markeith Huggans' motion to vacate, set aside or correct his sentence, brought under 28 U.S.C. § 2255. Huggans had been convicted after a bench trial of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and a separate charge of attempt to possess with intent to distribute more than five kilograms of cocaine. Case No. 4:07CR541 CDP. The government filed an information under 21 U.S.C. § 851 charging him with two prior felony drug convictions, so he was sentenced to life imprisonment, as was mandatory under 21 U.S.C. § 841(b)(1)(A). The Eighth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Huggans*, 650 F.3d 1210 (8th Cir. 2011), *cert denied,* 132 S. Ct. 1583 (2012).

In ruling on the § 2255 motion, I rejected the following grounds for relief:

1. Counsel had an actual conflict of interest, depriving Huggans of his Sixth Amendment right to counsel, and counsel failed to inform

      Huggans or the court of the conflict.

2. The trial court erred in failing to inquire into counsel's actual conflict of interest, depriving Huggans of his Sixth Amendment right to conflict free counsel.

3. The trial court erred in allowing the matter to proceed to a bench trial, depriving Huggans of his right to due process and counsel was ineffective for not requesting a jury trial based on the court's concern in having a bench trial at all.

4. Trial counsel was ineffective for failing to adequately investigate or prepare for Huggans' case.

5. The trial court erred in failing to correctly advise Huggans of the § 851 consequences and counsel was ineffective for failing to object to the court's incorrect § 851 statement in violation of Huggans' due process rights under the Fifth and Sixth Amendments.

6. Counsel was ineffective in advising Huggans to proceed to a bench trial without proper advice.

7. Trial counsel was ineffective in failing to properly advise Huggans regarding possible sentences or the impact of § 851 enhancements in taking a plea versus going to trial.

8. Huggans was deprived of his Sixth Amendment right to effective assistance of appellate counsel.

9. Under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the government was required to prove beyond a reasonable doubt the prior convictions that formed the basis for the § 851 sentencing enhancement.

Huggans has now filed a number of *pro se* motions in this closed case.[1]  He filed a

---

[1] Although Huggans' initial § 2255 motion was signed by Huggans on the form used for *pro se* filings, it was actually filed by retained counsel, who later filed a Supplement and a reply brief on his behalf.  The post-judgment filings have all been made *pro se* and retained counsel was granted leave to withdraw.

motion to alter or amend the judgment and supplemental motion, several motions for discovery and a motion for appointment of counsel, and other assorted memoranda and supplemental filings.  Most of the many filings simply reargue the grounds that I previously rejected, or refile materials that Huggans had filed before.  I will not discuss any of those previously rejected arguments because Huggans has presented nothing that would change any of my prior analysis or that convinces me that my previous analysis was incorrect.  Additionally, his requests for discovery are directed to those same rejected grounds and he is not entitled to the discovery he seeks.

In his motion to alter or amend judgment, however, Huggans raises one new claim:  that he has "newly discovered evidence" that the government failed to disclose exculpatory material, specifically that a witness had been an informant back in 1994.  He also alleges that the undersigned was biased in favor of the witness's testimony because I had been the Magistrate Judge who presided over a hearing involving the witness in 1994, some fifteen years before Huggans' 2009 trial.  He asserts that I should have *sua sponte* recused myself from presiding over his bench trial, and that his counsel was ineffective for failing to raise this issue.  Although Huggans alleged that this was newly discovered evidence, he did not explain how or when he discovered it.

I ordered the government to respond to Huggans' claim of newly discovered

evidence, and they indicated that the government had disclosed almost two years before Huggans' trial that the witness would testify against him. According to the government and the Court records on which Huggans now relies, the witness had been charged with a crime in 1994 and that charge was later dismissed. The government has not disclosed whether the witness had been an informant back in 1994.

To prevail on his argument that I should alter or amend my June 2015 judgment on his § 2255 motion because of newly discovered evidence, Huggans must show (1) that the evidence was discovered after I entered the final order, (2) that he exercised diligence to obtain the evidence before entry of the final order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result. *Miller v. Baker Implement Co.,* 439 F.3d 407, 414 (8th Cir. 2006); *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 n.3 (8th Cir. 2006) (Rule 59(e) motions based on new evidence are analyzed in the same manner as motions filed under Rule 60(b)(2)).

I agree with the government that any evidence about what the witness may have done (completely unrelated to Huggans) in 1994 would not have been material or exculpatory – the witness's testimony against Huggans at the 2009 trial established beyond doubt that the witness was cooperating with the government at

that time.  Additionally, there was significant evidence of criminal wrongdoing by the witness that was used very effectively by Huggans' trial counsel to cross-examine the witness.  Any speculation about what might have happened fifteen years earlier would not have been material to Huggans' defense.

Moreover, Huggans' claim of bias is without merit.  First of all, I certainly do not remember an initial appearance in a later dismissed case.  Nevertheless, the purported "new evidence" of my presiding over the witness's initial appearance in 1994 comes from public records and not from any documents or information available only to the government.  Huggans has not demonstrated that he exercised diligence to discover this evidence before the June 2015 entry of judgment in this case or why it could not have been discovered earlier.  This "new evidence" therefore does not provide a basis for me to revisit the claims made in his motion to vacate.  *See Crowell v. Campbell Soup Co.*, 264 F.3d 756, 764 (8th Cir. 2001) (court did not abuse discretion in denying Rule 59(e) motion where the allegedly new evidence appeared to come from public records); *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 153 F.3d 919, 924 (8th Cir. 1998) (district court did not abuse discretion in denying Rule 60(b) motion where movant failed to show why new evidence could not have been discovered earlier with due diligence).  *See also Anderson v. United States,* 762 F.3d 787, 794 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 1017 (2015) ("new" evidence could have been offered prior to court's entry of

final order on § 2255 motion because it was in existence more than four years before movant filed his § 2255 motion); *Miller v. Baker Implement Co.*, 439 F.3d 407, 414-15 (8th Cir. 2006) (movant failed to explain why he could not discover publicly available records before entry of judgment).

For all of these reasons, Huggans' motion to alter or amend the judgment in this case based on newly discovered evidence will be denied. All of the other supplemental filings simply reargue issues that were raised and rejected previously, and Huggans has not presented anything that changes the previous analysis.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to alter or amend judgment and supplemental motions [23, 32], motions for discovery [24, 28], motion for appointment of counsel [29], and all related supplements are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2016.