UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARWIN MARKEITH HUGGANS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:13 CV 323 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

Petitioner Darwin Markeith Huggans asks that I alter or amend my June 2015 judgment denying his motion to vacate, set aside, or correct his sentence, brought under 28 U.S.C. § 2255. I will deny the motion.

In 2009, Huggans was convicted after a bench trial of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and a separate charge of attempt to possess with intent to distribute more than five kilograms of cocaine. Before trial, the government filed an information under 21 U.S.C. § 851 charging that Huggans had two prior felony drug convictions and thus was subject to a mandatory sentence of life imprisonment if convicted, as required under 21 U.S.C. § 841(b)(1)(A). Upon his conviction, Huggans was sentenced to life imprisonment. The Eighth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Huggans*, 650 F.3d 1210 (8th Cir. 2011),

*cert. denied,* 565 U.S. 1202 (2012).

In his § 2255 motion, Huggans raised nine claims for relief, all of which I rejected. I did not issue a certificate of appealability on any of the claims. Huggans later filed several post-judgment motions, which I denied. In April 2017, the Eighth Circuit denied Huggans' application to that court for a certificate of appealability and dismissed Huggans' appeal. Huggans then filed this motion to alter or amend under Fed. R. Civ. P. 60(b), arguing that a recent United States Supreme Court decision shows that I erred in my analysis of the claim raised in Ground 7 of his motion to vacate. I disagree.

In Ground 7, Huggans claimed that trial counsel was ineffective in failing to properly advise him regarding the possible mandatory life sentence with the § 851 enhancement. He claimed that had counsel properly advised him in this regard, he would have pursued plea negotiations instead of going to trial. Both Huggans and the government submitted several affidavits during the § 2255 proceedings, which I considered along with the record from Huggans' criminal case. Applying the well-established legal principle that to show prejudice on a claim that counsel's misadvice effected the decision to go to trial instead of pleading guilty, a § 2255 movant must present "some credible, non-conclusory evidence that he would have pled guilty had he been properly advised," *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), I found that Huggans provided no such evidence and, indeed,

that his statements made on the record at the pretrial hearing were consistent with his counsel's attestation that Huggans was committed to trial, convinced that case law and effective cross-examination would benefit him. Further, I found the evidence to show that Huggans, in fact, knew he was facing mandatory life imprisonment if convicted.

In this motion to alter or amend, Huggans restates the argument made in his motion to vacate that he was not advised of the mandatory life sentence if convicted. Since he has presented nothing that would call into question my prior factual finding that he was so aware, I continue to reject this pronouncement. Further, Huggans' reliance on the Supreme Court's recent decision in *Lee v. United States*, 137 S. Ct. 1958 (2017), does not change my analysis on prejudice. *Lee* continues to look to whether a defendant's *decisionmaking* between plea versus trial was affected by counsel's misadvice. In my Order denying Huggans' motion to vacate, I likewise focused on Huggans' decisionmaking and found that he failed to present any evidence showing that he would have made a different decision and that, in fact, the evidence showed him intent on proceeding to trial. Accordingly, under *Lee*, my conclusion that Huggans failed to show prejudice does not change.

Because Huggans has presented nothing that changes my prior analysis or convinces me that my analysis was incorrect, his motion to alter or amend my

Order on Ground 7 of his § 2255 motion to vacate is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Darwin Markeith Huggans' motion to alter or amend judgment under Fed. R. Civ. P. 60(b) [54] is **DENIED**.

An appeal from this Order would not be taken in good faith given that, for the reasons set out above, Huggans has failed to present argument or evidence showing that his claim has any arguable basis either in law or fact. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2018.